UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.C.J.,

           Petitioner,

   v.

LAURA HERMOSILLO, *et al.*,

           Respondents.

Case No. C25-2486-DGE-MLP

REPORT AND RECOMMENDATION

      Petitioner A.C.J., through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging as unlawful her redetention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). (Dkt. # 8.) Respondents filed a return (dkt. # 10), and Petitioner filed a response (dkt. # 13). Respondents did not file a reply. Having reviewed the parties' submissions and applicable law, this Court recommends granting Petitioner's habeas petition (dkt. # 8), ordering Petitioner's immediate release, and prohibiting Respondents from redetaining her without adequate notice of the reasons for detention and a meaningful opportunity to respond. This Court's reasoning follows.

I.     BACKGROUND

Petitioner is a native and citizen of Guatemala. (Soraghan Decl. (dkt. # 12), ¶ 3.) On June 4, 2016, U.S. Border Patrol detained her and served her with a Notice to Appear. (*Id.*, ¶¶ 4-5.) As a minor, she was placed in the custody of the Office of Refugee Resettlement until August 2016. The Department of Homeland Security ("DHS") then released her to her uncle under an Order of Recognizance. (*Id.*, ¶¶ 6-7.)

On March 13, 2017, Petitioner filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS"). (Soraghan Decl., ¶ 8.) An Immigration Judge ("IJ") granted Petitioner's motion to administratively close her removal proceedings on December 5, 2017, over DHS's objection. (*Id.*; Collins Decl. (dkt. # 11), Ex. A.) On August 20, 2025, an IJ granted DHS's motion to recalendar Petitioner's removal proceedings. (Soraghan Decl., ¶ 17; Collins Decl., Ex. B.) USCIS retains original jurisdiction over Petitioner's asylum application, which remains pending. ICE has requested expedited processing. (Soraghan Decl., ¶ 22.)

On December 3, 2025, ICE stopped a vehicle in Woodburn, Oregon, in which Petitioner was a passenger. During that stop, ICE issued an I-200 administrative arrest warrant, took Petitioner into custody, and transferred her to the NWIPC. (Soraghan Decl., ¶¶ 18-19; Collins Decl., Ex. C.) That same day, Deportation Officer Anderson determined Petitioner "represents a significant flight risk and public safety risk[,]" ordering her "held with no bond at this time." (Collins Decl., Ex. D at 4.)

On December 4, 2025, DHS revoked Petitioner's Order of Recognizance. (Soraghan Decl., ¶ 20; Collins Decl., Ex. E.) Petitioner filed this habeas petition on December 5, 2025. (Dkt. # 1.)

## II. DISCUSSION

Petitioner fled Guatemala from rape threats as a fourteen-year-old unaccompanied minor, has resided here since June 2016, holds no criminal record, attended community college, applied for asylum, appeared at all required immigration court hearings,[1] obtained work authorization, married, and gave birth to two U.S. citizen children (ages three years and nine months). Yet, ICE arrested her, without notice, as she commuted to her nursery job. The issue here is whether this summary redetention violates due process, as Petitioner argues, or whether Petitioner may be redetained "at any time," as argued by the government.[2]

Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process demands meaningful notice and a genuine opportunity to be heard before the government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T. B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) (collecting cases).

---

[1] The question of whether Petitioner missed her check-ins appears to be in dispute. (*See* dkt. ## 10 at 6; 13 at 3-4.) In any event, whether the alleged missed check-ins constitute a sufficiently changed circumstance such that detention is warranted is a matter for a pre-deprivation hearing. *See Monteiro de Souza v. Robbins*, 2025 WL 3523058, at *1 (E.D. Cal. Dec. 9, 2025).

[2] "To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is rejected. In determining the lawfulness of Petitioner's detention, the Court will focus not on the Government's claimed authority to detain, but the process by which Petitioner was detained." *P.T. v. Hermosillo*, 2025 WL 3294988, at *2 n. 1 (W.D. Wash. Nov. 26, 2025).

Here, all three *Mathews* factors weigh in Petitioner's favor. First, Petitioner's interest in remaining free is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Her arrest in public, detention, and transfer, shattering her established life built over years of compliance, employment, marriage, and child-rearing, undeniably constitutes a significant deprivation of this fundamental liberty. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Second, the complete absence of pre-deprivation procedures created an unacceptably high risk of erroneous liberty deprivation. Deportation Officer Anderson's summary determination of "significant flight risk and public safety risk" offered no opportunity for Petitioner to challenge these assertions. This unilateral process maximized the potential for a wrongful deprivation. That the government *believes* it has a valid reason does not excuse its obligation to proceed with due process. *See, e.g., Guillermo M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1037-38 (N.D. Cal. 2025).

Finally, the government has articulated no legitimate countervailing interest to justify redetention. Petitioner's history refutes any boilerplate claims of flight or public safety risk. Her consistent appearances and stable life render the government's interest in redetaining a previously released, compliant noncitizen without a hearing as low. *See Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

Accordingly, Petitioner's redetention without a pre-deprivation hearing violates due process. Immediate release is thus the appropriate and constitutionally mandated remedy. This conclusion aligns with a broad consensus among district courts nationwide. *See, e.g., J.Y.L.C. v. Bostock*, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting dozens of cases).

REPORT AND RECOMMENDATION - 4

### III. CONCLUSION

For the foregoing reasons, the Court recommends GRANTING the petition for a writ of habeas corpus (dkt. # 8), ordering Petitioner's immediate release, and prohibiting Respondents from redetaining her without adequate notice of the reasons for detention and a meaningful opportunity to respond. A proposed Order and Judgment accompanies this Report and Recommendation

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 20, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable David G. Estudillo.

Dated this 30th day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5