UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.C.J.,

                    Petitioner,

        v.

LAURA HERMOSILLO et al.,

                    Respondents.

CASE NO. 2:25-cv-02486-DGE

ORDER ON PETITIONER'S
MOTION FOR ATTORNEY FEES

Before the Court is Petitioner's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Dkt. No. 23.)  Respondents oppose Petitioner's motion on the basis of the amount of fees and costs requested.  (Dkt. No. 25 at 1.)  As discussed in more detail below, Petitioner's motion is GRANTED in part and DENIED in part.

**I        DISCUSSION**

The Court assumes familiarity with the underlying facts of this case.  Under the EAJA, the Court must award attorney fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that "special circumstances make an

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 1

award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to a prevailing party. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. U.S. Dep't of Just.*, 53 F.3d 283, 284 (9th Cir. 1995). The Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Attorney fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Because this Court granted Petitioner's petition for writ of habeas corpus and ordered her released from custody, Petitioner is a prevailing party. (Dkt. No. 19 at 13); *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citations omitted) (holding a litigant is a prevailing party if they both (1) achieve a material alteration in the legal relationship of the parties; and (2) the alteration is judicially sanctioned); *Buckhannon Bd. & Care Home Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (holding a prevailing party is one who was awarded at least some relief by the court). Next, the Court found that (1) the government claimed Petitioner was subject to expedited removal proceedings, despite record evidence to the contrary; and (2) the government acknowledged Petitioner was a member of the *J.O.P.* class yet violated the terms of the settlement agreement by reopening Petitioner's removal proceedings. (Dkt. No. 19 at 8–11.) Such findings indicate Respondents' position was not substantially justified. Furthermore, "[i]t is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Respondents do not argue that the government's position was justified. (*See* Dkt. No. 25.) Therefore, under these circumstances, the Court finds fees should be awarded.

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 2

Petitioner is entitled to "reasonable" fees.  28 U.S.C. § 2412(d)(2)(A).  Hourly rates are reasonable where they are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  The fee applicant bears the burden of proving reasonableness.  28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S.at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

Petitioner applies for an award of $12,630.11 in attorney and paralegal fees and an additional $498.47 in various costs, for a total of $13,128.58.  (*See* Dkt. Nos. 23-4, 23-5.)  This accounts for compensation for the time Petitioner's attorney, Ms. Nancy Alexander, spent on this matter, totaling 39.8 hours of attorney work.  (Dkt. No. 23-4.)  Ms. Alexander requests an hourly rate of $308.  (Dkt. No. 23-2 at 2.)  Thus, Ms. Alexander's hourly rate exceeds the statutory maximum hourly rate of $258.46 under the EAJA.  (*Id.*); *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ce9.uscourts.gov/criminal-justice-act/statutory-maximum-rates/ (last visited June 16, 2026).

Respondents do not object to the award of fees generally but assert Petitioner's requested amount is "excessive and unreasonable."  (Dkt. No. 25 at 1.)  They argue Petitioner has not met her burden to show an enhanced hourly rate is justified in this matter, because Petitioner has not put forth a "declaration articulating any unique or specialized skill beyond ordinary immigration practice," nor has she attested to the unavailability of counsel at a lower rate or any market-specific data.  (*Id.* at 3–4.)  Ms. Alexander declares she possesses specialized knowledge in

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 3

immigration law and provides "direct representation to adults and children in removal proceedings." (Dkt. Nos. 23-2 at 2; 26-1 at 2.)  She explains an enhanced hourly rate reflects her rate through the Equity Corps of Oregon ("ECO") program, "which recognizes that her over 10 years of experience justifies additional compensation." (Dkt. No. 23 at 11.)  Accordingly, she argues an enhanced hourly rate of $308 is proper.

### 1.  Petitioner is not entitled to an enhanced hourly rate.

Courts may award enhanced hourly rates under the EAJA where "the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the statutory rate.'" *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citations omitted).  The Ninth Circuit has held that immigration law expertise, on its own, does not justify an award of enhanced hourly rates "without a showing that the attorney[] possess[es] distinctive knowledge or specialized skill necessary to [the] litigation[.]" *Id.* at 913 (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (citation omitted) ("'We decline to adopt counsel's proposed per se rule that 'the practice of immigration law should be classified as a specialty similar to practicing patent law.'")).

The Court concludes Petitioner has not met her burden to show Ms. Alexander is entitled to an enhanced rate.  Ms. Alexander has been practicing as an immigration attorney since 2015. (Dkt. No. 26-1 at 2.)  She declares she provides "direct representation to adults and children in removal proceedings" in both her private practice and through the ECO program. (*Id.*)  Though the Court does not question Ms. Alexander's credentials and specialized knowledge in the field of immigration broadly speaking, the Ninth Circuit has made it clear that to award an enhanced rate, the requesting party must show the attorney "possess[es] distinctive knowledge or specialized skill necessary to *this* litigation[.]" *Nadarajah*, 569 F.3d at 913 (emphasis added).

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 4

Aside from describing her representative experience generally, Ms. Alexander has not explained *how* her skills or knowledge made her uniquely positioned to handle the facts of Petitioner's particular case.[1]  Further, this case is one of dozens of habeas petitions in this district and in the Ninth Circuit challenging Respondents' application of 8 U.S.C. § 1225 to cases such as Petitioner's on Due Process grounds.  *E.g.*, *Castillo v. ICE Field Off. Dir.*, Case No. C26-0842-KKE, 2026 WL 1172910, at *2 (W.D. Wash. Apr. 30, 2026) (quoting *Aquino v. LaRose*, Case No. 25-cv-2904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) (collecting cases)) ("'The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years.'").  Though every habeas matter is unique in some way, without an explanation of how Ms. Alexander's specialized skill was necessary to this case, the Court cannot say Ms. Alexander brought experience to this litigation that is not present in other similar habeas matters such that Ms. Alexander is entitled to an enhanced rate.  *Contra Rahman v. Bondi*, Case No. 2:24-cv-02132-JHC-TLF, 2026 WL 323046, at *4 (W.D. Wash. Feb. 6, 2026) (quoting *Nadarajah*, 569 F.3d at 914) (upholding enhanced rate "in an immigration matter that 'involved more than established principles of law with which the majority of attorneys are familiar[]'" and citing to

---

[1] Ms. Alexander states her background was necessary because this case "involved complex questions concerning detention authority as applied to an unaccompanied child previously released from the custody of the Office of Refugee Resettlement."  (Dkt. No. 26 at 3) (citing Dkt. No. 19 at 7–9).  But it was Respondents who first acknowledged Petitioner's membership in the *J.O.P.* class (*see* Dkt. No. 12 at 2), not Petitioner.  In any case, Petitioner's class membership was just one of many factors the Court considered in finding a risk of erroneous deprivation in Petitioner's re-detention (*see* Dkt. No. 19), so Ms. Alexander's experience representing unaccompanied minors was not dispositive, or necessary, for this case.

various declarations from the petitioner's counsel explaining the issue was one of first impression).

Ms. Alexander appears to rely primarily on ECO's representation guidelines for attorneys, which places an attorney with more than ten years of experience at a rate of $308 per hour.  (Dkt. No. 23-3 at 17.)  She states that because her rate in her private practice is $350 an hour, she would have been unable to take Petitioner's case at the statutory rate, and further, because of the current increased need for immigration counsel, she does not believe Petitioner would have been able to find an attorney to represent her in her habeas petition at the statutory rate.  (Dkt. No. 26-1 at 3.)  Respondents assert these statements are insufficient without "affidavits from other practitioners attesting to unavailability of counsel at $258.46 per hour, and no market data specific to this district."  (Dkt. No. 25 at 4.)  Though "no one expects the plaintiffs to conduct statistical surveys," *Rahman*, 2026 WL 323046, at *4 (citation, quotation marks, and alterations omitted), Ms. Alexander has not provided enough information to show the unavailability of counsel at a lower rate within the relevant legal market.  Her reference to the ECO guidelines and her own rate in private practice are immaterial; what ECO believes is a reasonable rate, and what Ms. Alexander actually charges, have no bearing on whether other counsel could have been available to Petitioner at the statutory rate elsewhere.  *Cf. Hassine v. Johnson*, 53 F. Supp. 3d 1297, 1307 (E.D. Cal. 2014) (citations omitted) (explaining that the rate requested must be calculated in line with the prevailing market rate for similar legal services in the relevant legal community, defined as the forum district).  The Court appreciates and is well aware of the current need for immigration counsel nationwide.  But that fact alone does not necessarily mean no other counsel was available at a lower rate in the relevant legal community,

and Ms. Alexander's lone statement that she "[does] not believe" an attorney would have represented Petitioner at the statutory rate is insufficient.  (Dkt. No. 26-1 at 3.)

Separately, Petitioner requests a paralegal rate of $133 per hour, based again on the ECO guidelines.  (Dkt. Nos. 23-2 at 2; 23-3 at 17.)  Respondents challenge this rate and request the Court apply a $125 per hour rate to the paralegal work in this matter.  (Dkt. No. 25 at 2.)  The EAJA permits compensation for paralegals that are in line with rates "in the community for similar services by paralegals of reasonably comparable skill, experience, and reputation." *Nadarajah*, 569 F.3d at 918 (citation, quotation marks, and alterations omitted).  Aside from referring to the ECO guidelines, Petitioner has provided no such evidence to support the reasonableness of her requested paralegal rate, despite the fact it is her burden to do so.  *See Hensley*, 461 U.S. at 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").  Respondents do not explain why they believe $125 per hour is more reasonable than $133.  (*See* Dkt. No. 26.)  Because neither party has provided legal or factual authority to support their requested rate (other than the ECO guidelines), the Court will take the difference between the two and finds a paralegal rate of $129 per hour to be reasonable in this matter.

**2.  Petitioner is entitled to $9,126.88 in attorney fees.**

The party seeking fees must submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved[.]"  *Hensley,* 461 U.S. at 431 (citation omitted).  However, "excessive, redundant, or otherwise unnecessary" hours should be excluded from the fee

award.  *Id.* at 434.  Where billing records are lacking in detail, a court may reduce the fee to a reasonable amount.  *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948–949 (9th Cir. 2007).

Respondents argue the number of hours billed were excessive considering the "limited scope" of the litigation in this case, and that some of Ms. Alexander's time entries were vague or redundant.  (Dkt. No. 25 at 5–6.)  For example, they point to several time entries for "file management" or "review case status/consider next steps[,]" which they argue do not allow the Court to determine whether the time was reasonably expended on substantive work.  (*Id.* at 6.)  They argue several entries are duplicative, including overlapping drafting sessions for the traverse and multiple client phone calls.  (*Id.*)  Finally, some of the time entries contain administrative or clerical tasks such as file management, service coordination, pro hac vice filing, and other tasks, which Respondents argue should not be properly billed at full attorney rates.  (*Id.*)  In her reply, Petitioner argues Ms. Alexander's hours were reasonable and on par with recent habeas cases in this district.  (Dkt. No. 26 at 6.)

The Court agrees with Respondents in part.  First, the Court finds that some of Ms. Alexander's time entries are vague.  This includes seven entries titled "File Management" with no further description of what task the attorney (in this case, Local Counsel Shara Svendsen) was engaged in, and three different entries for 1.444 hours, 2.209 hours, and 0.318 hours to "Work on Habeas."  (Dkt. No. 23-4 at 2.)  Additionally, there are entries for tasks imprecisely titled "Habeas Coordination" and "Habeas Follow up."  (*Id.*)  Such descriptions, especially those coupled with large blocks of time, are vague and render it difficult for the Court to determine what the timekeeper was actually doing.  *Accord Santiago v. Equable Ascent Fin.,* Case No. C 11-3158 CRB, 2013 WL 3498079, at *6 (N.D. Cal. July 12, 2013) ("the work billed for unnamed drafts and telephone calls with unknown parties is too vague to be reviewed").  However, the

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 8

Court is less concerned with some of the entries Respondents contend are redundant, such as phone calls to Petitioner; presumably, Ms. Alexander was keeping Petitioner up to speed on her lawsuit, and because Petitioner was detained at NWIPC, there was no other realistic way for Ms. Alexander to timely communicate with her client.

The Court believes it appropriate to apply a 15 percent reduction to the vague time entries. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing); *see also Zavorin v. Wamsley*, Case No. 2:26-cv-00173-DGE, 2026 WL 879246, at *2 (W.D. Wash. Mar. 31, 2026) (reducing award by 20 percent for 0.5-hour billing increments); *Harris v. Trash Man, LLC*, Civil No. 12-00169 HG-KSC, 2013 WL 1932715, at *3 (D. Haw. Apr. 16, 2013*)* (reducing award by 15 percent for block billing), *report and recommendation adopted,* Civil No. 12-00169 HG-KSC, 2013 WL 1932710 (D. Haw. May 7, 2013); *Nolan v. City of L.A.*, Case No. CV 03-2190 GAF (AJWx), 2014 WL 12564127, at *7 (C.D. Cal. Feb. 10, 2014) (imposing a 30 percent reduction for entries that were vague or block-billed); *Craig v. Cnty. of Orange*, Case No.: SACV 17-00491-CJC(KESx), 2019 WL 12378994, at *4 (C.D. Cal. Sept. 5, 2019) (reducing "trial preparation" time entries by 20 percent because they were vague); *Primero Garcia v. Barr*, 484 F. Supp. 3d 750, 757 (N.D. Cal. 2020) (reducing fees for vague entries that made it difficult "for the Court to assess [their] reasonableness"). Accordingly, the following time entries will be reduced as follows:

| Date | Time Spent | Description | Hours Reduced To |
|------|-----------|-------------|------------------|
| December 15, 2025 | 0.1 hours | File Management | 0.085 hours |
| December 18, 2025 | 0.2 hours | File Management | 0.17 hours |
| December 19, 2025 | 2.209 hours | Work on Habeas | 1.878 hours |

| December 29, 2025 | 0.1 hours | File Management | 0.085 hours |
|---|---|---|---|
| December 30, 2025 | 0.1 hours | File Management | 0.085 hours |
| January 3, 2026 | 0.513 hours | Review Case Status; Consider Next Steps | 0.436 hours |
| January 5, 2026 | 0.189 hours | Habeas Consider Next Steps | 0.161 hours |
| January 5, 2026 | 0.318 hours | Work on Habeas | 0.27 hours |
| January 6, 2026 | 0.1 hours | File Management | 0.085 hours |
| January 6, 2026 | 0.545 hours | Habeas Coordination | 0.463 hours |
| January 6, 2026 | 0.428 hours | Habeas Follow up | 0.364 hours |
| January 9, 2026 | 0.2 hours | File Management | 0.17 hours |
| January 12, 2026 | 0.1 hours | File Management | 0.085 hours |

(*See* Dkt. No. 23-4.)

Additionally, it appears Ms. Alexander included various clerical tasks on her itemized statement. "[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA." *Garcia v. Colvin*, Case No. No. 1:11–cv–01965–SKO, 2013 WL 5347494, at *7 (E.D. Cal. Sept. 23, 2013). The same is true for completing the form to consent to Magistrate Judge jurisdiction. *Id.* at *8. The Court finds the following tasks are either clerical in nature or the billing description is insufficient to determine whether they are clerical tasks or otherwise reasonable:

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 10

| Date | Time Spent | Description |
|---|---|---|
| December 5, 2025 | 0.4 hours | Filed Habeas Petition |
| December 9, 2025 | 2.0 hours | Complete Service |
| December 12, 2025 | 0.2 hours | Pro Hac Vice Filings |
| December 17, 2025 | 0.2 hours | Emailed Consent to Magistrate |
| December 22, 2025 | 0.2 hours | Document Preparation |

(Dkt. No. 23-4.)  These tasks will be deducted from the overall fee award.

**3.  Petitioner may recover some of her requested costs.**

Finally, Respondents challenge Petitioner's request for costs that do not fall within the statutory categories for EAJA recovery.  (Dkt. No. 25 at 6–7.)  Specifically, they request the Court deny the costs requested such as detainee phone money and commissary funds; parking fees from the NWIPC; pro hac vice filing; and various postal fees.  (*Id.*)  In her reply, Petitioner argues the mail and service fees were necessary under Federal Rule of Civil Procedure 4(i) and the phone and commissary charges "would not have been necessary absent the unlawful detention challenged by this petition or if Respondents provided detained individuals with free phone services and adequate supplies[.]"  (Dkt. No. 26 at 6.)

Under the EAJA, the prevailing party may recover the "fees and other expenses" the court finds are "necessary for the preparation of the party's case[.]"  28 U.S.C. § 2412(d)(2)(A).  These include costs and expenses typically billed to a client.  *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985).  The expenses enumerated in the statute are "examples, not [] an exclusive list."  *Id.*

The Court concludes the costs of phone calls between Petitioner and counsel, postage costs, and the pro hac vice filing fee are appropriate because they are reasonably related to the preparation of Petitioner's case.  Other district courts have granted requests under the EAJA for

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 11

similar costs. *Donovan*, 792 F.2d at 767 (upholding compensation awards for telephone calls, postage, air courier expenses, and travel expenses); *see also Thorne v. Saul*, Case No.: 18cv1874-MMA (LL), 2019 WL 3974088, at *2 (S.D. Cal. Aug. 22, 2019) (same). As for the parking fee for counsel's visit to the NWIPC, the Court can understand the need for an attorney to have face-to-face conversations with a client to discuss case status, offer assurances, and maintain personal rapport with the client. These intangible benefits facilitate the representation of the client.

However, the commissary funds are not reasonably related to the preparation of Petitioner's case. Petitioner argues the commissary funds would not have been required if not for Respondents' unlawful detention of her. (Dkt. No. 26 at 6–7.) That may be true, but Petitioner's argument does not explain how these commissary funds were connected to the *preparation* of her case, 28 U.S.C. § 2412(d)(2)(A), rather than covering various expenses she incurred while she was detained.[2]

**II    ORDER**

Petitioner's motion for fees brought under the EAJA (Dkt. No. 23) is GRANTED in part and DENIED in part. It is ORDERED that:

1. An amount of **$10,247.27** SHALL be awarded to Petitioner pursuant to the EAJA, which includes:

    a. $9,126.88 in attorney fees, calculated at the statutory rate of $258.46 per hour for Ms. Alexander and $129 per hour for her paralegal;

---

[2] Ms. Alexander's itemized statement of non-attorney fee costs combines phone costs and commissary funds into a single entry. (*See* Dkt. No. 23-5 at 1.) Because the Court is permitting Petitioner to recover the costs associated with phone calls to her lawyer, but not her commissary funds, it will divide the "Phone Money & Commissary" costs and allow for recovery of half the total amount of those entries, for a total of $75.92.

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 12

b.   $422.55 in costs; and

c.   $697.84 for the preparation of the motion for attorney fees, reflecting a total of 2.7 hours of attorney work (*see* Dkt. No. 26-1 at 3), calculated at the statutory rate of $258.46.

2.   Petitioner assigned her EAJA fee award to her attorney in the fee agreement.  (*See* Dkt. No. 23-1 at 2.)  Accordingly, attorney fees in the amount of $10,247.27 will be paid to Ms. Alexander, subject to verification that Petitioner does not have a debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If Petitioner has no such debt, then the check shall be made out to Petitioner's attorney: Nancy Alexander at Lucas & Barba LLP, 1201 SW 12th Ave., Suite 410, Portland, OR 97205.  If Petitioner has a debt, then the check for any remaining funds after offset of the debt shall be made out to Petitioner and mailed to Petitioner's attorney's office.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of June 2026.

David G. Estudillo
United States District Judge

ORDER ON PETITIONER'S MOTION FOR ATTORNEY FEES - 13